**In re FIRST T.D. & INVESTMENT, INC., Debtor.**

**In re JOINT DEVELOPMENT, INC., Debtor.**

**R. Todd NEILSON, Chapter 7 Trustee, Plaintiff,**

**v.**

**Angela SHIU–RONG CHANG, et al., Defendants.**

**Bankruptcy Nos. LA 94–48351 TD, LA 94–50066 TD. Adversary No. AD 96–03493–TD.**

United States Bankruptcy Court, C.D. California.

Jan. 23, 1998.

Gregory M. Salvato, Parker, Milliken, Clark, O'Hara & Samuelian, Los Angeles, CA, for Defendant.

Michael H. Weiss, Weiss, Scolney, Spees, Danker & Kop, Los Angeles, CA, for Plaintiff.

R. Todd Neilson, Nielson, Elggren, Durkin & Co., Los Angeles, CA, Chapter 7 Trustee.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF SUMMARY JUDGMENT IN FAVOR OF DEFENDANTS

THOMAS B. DONOVAN, Bankruptcy Judge.

The Court adopts the following Findings of Fact and Conclusions of Law in connection with the Summary Judgment granted in favor of Defendants Angela Shiu–Rong Chang, Angela Shiu–Rong Chang f/b/o The Angela Chang Family Trust, Cynthia L. Lien, Galaxy Industrial Corp., Anna P. Jen Kin, Wen F. Kuo, Tsu C. Kuo, Sze–Ming Ma and Cheng H. Ma, Irene Werner, Haitang Li, Ru Lin Wu, Hong Yang, Xiaoping Sun, Steve Po–An Mu, Yang Ying Chang Mu, Rita Chwen–Yu Tsai, and Pei Ti Wan ("Defendants") and against Plaintiff R. Todd Neilson, Chapter 7 Trustee ("Plaintiff") on Plaintiff's First Amended Complaint To Avoid Liens and for Declaratory Relief.

### FINDINGS OF FACT

1. This bankruptcy case was commenced on October 21, 1994 by the filing of an involuntary petition against First T.D. & Investments, Inc., a California corporation ("FTD") under chapter 11 of the Bankruptcy Code. On November 2, 1994, an involuntary petition was filed against Joint Development, Inc. ("JDI"). Orders for Relief was entered on December 16, 1994 against both FTD and JDI ("Debtors"). On April 14, 1995, the Debtors' cases were ordered to be jointly administered, and both cases were converted to cases under Chapter 7. Plaintiff R. Todd Neilson is the duly appointed and acting chapter 7 Trustee.

2. Plaintiff's First Amended Complaint to Avoid Liens and For Injunctive Relief was filed on December 16, 1996 against 130 defendants.

3. Plaintiff's Motion for Partial Summary Judgment, originally scheduled for hearing

on December 3, 1997 (the "Motion"), was continued by Stipulation of the parties to December 17, 1997, to be heard with Defendants' Motion for Summary Judgment ("Cross–Motion") scheduled for that day.

4. Defendants are the assignees of the notes held by or originated by FTD, and assert liens on property of the estate, consisting of promissory notes secured by deeds of trust on real property, and the proceeds thereof.

5. In their Cross–Motion, Defendants incorporated and adopted Plaintiff's Separate Statement of Facts, which are adopted here as uncontroverted facts:

a. The Debtors, FTD and JDI, were in the business of originating or purchasing notes secured by deeds of trust.

b. To finance their operations, the Debtors borrowed monies from investors, including the Defendants.

c. In every instance involving the Defendants, the Debtors engaged in the following transaction pattern:

i. The Debtors would purchase or originate a loan to a third party secured usually by a junior trust deed on real property;

ii. This loan would be evidenced by, among other things, a promissory note (the "Collateral Note"), secured by a trust deed (the "Trust Deed");

iii. Subsequently, the Debtors borrowed monies from investors such as the Defendants;

iv. The loans from the Defendants were documented by a Secured Promissory Note, a Corporation Assignment of Trust Deed, A Security Agreement and Pledge of FTD, an Assignment of Note By and Between FTD and the Defendant, a Loan Servicing Agreement, and an unrecorded UCC–1 Financing Statement;

d. The original Collateral Notes and Trust Deeds remained, at all times relevant, in the possession of the Debtors, and the Debtors never delivered possession of the original Collateral Notes or Trust Deeds to the Defendants.

e. Except for those Collateral Notes and Trust Deeds which have been paid off or sold, the Plaintiff now holds possession of all of the original Collateral Notes and Trust Deeds.

6. FTD acted as a broker within the meaning of Business & Professions Code Section 10131 or as a principal within the meaning of Business & Professions Code Section 10131.1.

7. FTD undertook to service the Collateral Notes on behalf of Defendants.

8. The Collateral Notes were assigned to the Defendants.

9. FTD's assignments of the Deeds of Trust and other collateral documents to the Defendants were recorded in the real property records.

10. The foregoing facts are without substantial controversy and there are no material facts in bona fide dispute precluding the entry of summary judgment, and no just reason for delaying the entry of a final judgment in favor of Defendants at this time.

### CONCLUSIONS OF LAW

1. The Court has jurisdiction over this proceeding pursuant to 28 U.S.C. Section 1334, and by General Order of the United States District Court for the Central District of California. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(B) and (K).

2. The burden of proof in this motion for summary judgment rests upon Plaintiff, who must show that there exists evidence in support of each of the elements of his claim. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986).

3. Plaintiff has the burden of proof to establish the avoidability of a transfer under Bankruptcy Code Section 544. 3 *Collier Bankruptcy Practice Guide* ¶ 63.14, p. 63–27 (1997 ed.).

4. California Business & Professions Code Section 10233.2 states:

For the purposes of Division 3 (commencing with Section 3101) and Division 9 (com-

mencing with Section 9101) of the Commercial Code, when a broker, acting within the meaning of subdivision (d) or (e) of Section 10131 of Section 10131.1, has arranged a loan or sold a promissory note or any interest therein, and thereafter undertakes to service the promissory note on behalf of the lender or purchaser in accordance with Section 10233, delivery, transfer, and perfection shall be deemed complete even if the broker retains possession of the note or collateral instruments and documents, provided that the deed of trust or an assignment of the deed of trust or collateral documents in favor of the lender or purchaser is recorded in the office of the county recorder in the county in which the security property is located, and the note is made payable to the lender or is endorsed or assigned to the purchaser. Cal. Bus. & Prof.Code § 10233.2.

■ 5. Business & Professions Code Section 10233.2 supersedes California Commercial Code Section 9304(1) for purposes of effecting perfection of a security interest in an instrument such as the Collateral Note in which each of the Defendants asserts an interest.

■ 6. Section 10233.2 is not limited to "loan participations" or "fractionalized ownership interests."

■ 7. The Debtors' transactions with the Defendants were the type of activities included within the scope of Business & Professions Code Section 10233.2.

8. Section 10233.2 applies in this case to bar any claim by the Plaintiff that Defendants' security interests in the Collateral Notes have not been perfected.

9. Consequently, Defendants hold perfected and unavoidable lien interests in the Collateral Notes assigned to them by FTD.

10. There is no triable issue of fact precluding entry of summary judgment in favor of Defendants, and no just reason for delay in entering a final judgment in favor of Defendants at this time.

11. A final judgment shall be entered against Plaintiff and in favor of Defendants, as follows:

a. As to Defendant Angela Shiu–Rong Chang, with respect to her interest in Asset No. 1288, the Collateral Note and proceeds thereof originally secured by a Deed of Trust on property located at 536 Marie Avenue, Los Angeles, California;

b. As to Defendant Angela Shiu–Rong Chang f/b/o The Angela Chang Family Trust, with respect to her interest in Asset No. 1407, a Collateral Note and proceeds thereof originally secured by a Deed of Trust on property located at 20700 Schoolcraft Street, Los Angeles, California;

c. As to Defendant Cynthia L. Lien, with respect to her interest in Asset No. 1407, a Collateral Note and proceeds thereof originally secured by a Deed of Trust on property located at 20700 Schoolcraft Street, Los Angeles, California;

d. As to Defendant Galaxy Industrial Corp., with respect to its interest in Asset No. 1432, a Collateral Note and proceeds thereof originally secured by a Deed of Trust on property located at 1338–1340, 1340½ Cloverdale Avenue, Los Angeles, California; and with respect to its interest in Asset No. 1330, a Collateral Note and proceeds thereof originally secured by a Deed of Trust on property located at 7607 S. San Pedro Street, Los Angeles, California;

e. As to Defendant Anna P. Jen Kin, with respect to her interest in Asset No. 856, a Collateral Note and proceeds thereof originally secured by a Deed of Trust on property located at 478–480 "D" Street, San Bernardino, California;

f. As to Defendants Wen F. Kuo and Tsu C. Kuo, with respect to their interest in Asset No. 1432, a Collateral Note and proceeds thereof originally secured by a Deed of Trust on property located at 1338–1340, 1340½ Cloverdale Avenue, Los Angeles, California;

g. As to Defendants Sze Ming Ma and Cheng H. Ma, with respect to their interest in Asset No. 1432, a Collateral Note and proceeds thereof originally secured by a Deed of Trust on property located at 1338–1340, 1340½ Cloverdale Avenue, Los Angeles, California;

**96**

h. As to Defendant Irene Werner, with respect to her interest in Asset No. 1432, a Collateral Note and proceeds thereof originally secured by a Deed of Trust on property located at 1338–1340, 1340 ½ Cloverdale Avenue, Los Angeles, California;

i. As to Defendants Haitang Li and Ru Lin Wu, with respect to their interest in Asset No. 891, a Collateral Note and proceeds thereof originally secured by a Deed of Trust on property located at 4750 Don Zarembo Drive, Los Angeles, California;

j. As to Defendants Hong Yang and Xiaoping Sun, with respect to their interests in Asset No. 891, a promissory note and proceeds thereof originally secured by a Deed of Trust on property located at 4750 Don Zarembo Drive, Los Angeles, California;

k. As to Defendants Steve Po–An Mu and Yang Ying Chang Mu, with respect to their interest in Asset No. 1514; a Collateral Note and proceeds thereof originally secured by a deed of trust on property located at 1134 West 53rd Street, Los Angeles, California;

l. As to Defendant Rita Chwen–Yu Tsai, with respect to her interest in Asset No. 1514, a Collateral Note and proceeds thereof originally secured by a Deed of Trust on property located at 1134 West 53rd Street, Los Angeles, California; and

m. As to Defendant Pei Ti Wan, with respect to her interest in Asset No. 593, a Collateral Note and proceeds thereof originally secured by a Deed of Trust on property located at 4744 Dozier Street, Los Angeles, California.

12. Any of the foregoing Findings of Fact that are deemed to be Conclusions of Law shall be adopted as Conclusions of Law and any of the foregoing Conclusions of Law that are deemed to be Findings of Fact shall be adopted as Findings of Fact.